### SUPREME COURT.

THE FIRE DEPARTMENT OF WEST TROY agt. G. PARISH OGDEN and EZRA R. VAIL.

*Foreign insurance companies — agents of — penalty for not filing bond — Laws of* 1879, *chapter* 153.

Where the defendants had issued several policies of insurance upon property located in West Troy, and had paid the two dollars upon the hundred on premiums received, but had not given the bond required by the statute (*Laws of* 1876, *chapter* 359, *which is amendatory of chapter* 465 *of Laws of* 1875), in an action to recover the penalty for not having given the bond as required by the statute :

*Held*, that, by the act of the legislature (*Laws of* 1879, *chapter* 153) which again amends the acts of 1875 and 1876, the right to such penal-

ties, when the premium has been paid, is taken away, and the statute necessarily includes and covers the case of a suit already brought, as well as that of one to be brought.

Where a penalty has been imposed by law, the legislature has power to repeal it entirely, or to limit the cases in which it is recoverable, even though an action has been brought for its recovery.

*Albany Circuit, May,* 1879.

MOTION for a new trial on judge's minutes.

*A. J. Colvin* and *T. McMannus,* for plaintiff.

*Smith, Fursman & Cowen,* opposed.

WESTBROOK, *J.*— By chapter 359 of the Laws of 1876, which is amendatory of chapter 465 of the Laws of 1875, every agent of a fire insurance company, not incorporated under the laws of this state, must pay for the benefit of the fire department of the village or city in which any insurance shall be effected upon property located therein, except in the cities of New York and Albany, two dollars upon every hundred dollars premiums received for such insurance.

The act further requires a bond to be given by every agent, conditioned for a faithful annual account of premiums received. A penalty of $200 is given for every policy issued by an agent who has not given the bond.

The defendants in the present action had issued several policies of insurance upon property located in West Troy, and had paid the two dollars upon the hundred on premiums received, but had not given the bond required by the statute. It was held upon the trial that the actual payment of the premiums did not bar the action (*Fire Department of Whitesboro* agt. *Thompson,* 16 *Hun,* 474).

A verdict in favor of the defendants was, however, ordered, because, by chapter 153 of Laws of 1879, which again amends the acts of 1875 and 1876 aforesaid, it is provided: "But no action shall be maintained, or recovery be had in any

court of this state, for or on account of any such offense heretofore happening; nor shall any court have power or authority to render judgment for or on account of any such offense heretofore happening, when such agent shall have paid to the party entitled to the same the premium required to be paid by section one of this act, as amended by section one of chapter three hundred and fifty-nine of the Laws of eighteen hundred and seventy-nine."

A motion is now made for a new trial upon the judge's minutes, and it is claimed that as the penalties had been incurred when the present action was begun, the recent statute should be so construed as not to affect an action already commenced, and that as the right to the penalties had become vested, such right could not be taken away by the legislature.

It is conceded that statutes must have a prospective operation only, unless the intent that they shall have a retrospective effect also is manifested by clear words. Cases quite numerous can be found, and the learned counsel for the plaintiff have cited several, in which courts have given statutes a prospective operation. Each statute, however, must be construed by its own words. It is clear that the act of 1879 must operate retrospectively, for it declares that, when the premiums have been paid, though no bond has been given, that no court has "power or authority to render judgment for or on account of any such offense heretofore happening." This language is as sweeping and broad as can be made. It necessarily includes and covers the case of a suit already brought, as well as that of one to be brought, and in any and every case the court is deprived of jurisdiction to render judgment for any "offense heretofore happening" when the premium has been paid. No other construction of the words, as it seems to me, is possible. Actions pending are not exempted from the operation of the statute, and such cases must, therefore, be affected by the plain language used.

There was no such vested right in the plaintiff that the act

must be held invalid for that reason. A penalty had been imposed by law, and the legislature has power to repeal it entirely, or to limit the cases in which it was recoverable, as it in fact has done, even though an action has been brought for its recovery (*Butler* agt. *Palmer*, 1 *Hill*, 324; *see opinion of judge Cowen on pages* 329, 330, *&c.*; *Smith* agt. *Banker*, 3 *Howard's Pr.*, 142; *Church* agt. *Rhodes*, 6 *Howard's Pr.* 281).

The motion for a new trial must be denied, with ten dollars costs.